**BEFORE THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARWAN M. QASHOU and K.M.Q, a Minor Child and Son of Plaintiff Marwan M. Qashou,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | } | **Civil Action No: 5:25-cv-459** |
| | § | |
| **THE CITY OF SAN ANTONIO; SAN ANTONIO POLICE DEPARTMENT (SAPD); CHIEF OF POLICE WILLIAM P. McMANUS; POLICE OFFICER M. STRICKLAND, BADGE NO. 1460, AND AN UNKNOWN/ UNNAMED FEMALE POLICE OFFICER; INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,** | § | **Demand for a Jury Trial pursuant to *Fed.R.Civ.P. 38(b)*** |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' FIEST AMENDED COMPLAINT**

Plaintiff Marwan M. Qashou, herein after referred to as "MMQ", next of kin to Plaintiff "KMQ", a minor child and the son of Plaintiff MMQ states and alleges the following:

***Introduction***

1. Plaintiff MMQ is a Muslim and citizen of the United States ("US") and a resident of the State of Texas since July 1996, and his minor son KMQ was eleven (11) years of age at the time MMQ was falsely arrested and incarcerated for several days. This cause of action is for monetary damages brought pursuant to *42 USC § 1983* to **redress the deprivation under color of state law** of MMQ's and KMQ's clearly established rights as secured by the *Fourth* and *Fourteenth Amendments* of the *US Constitution* against Defendants: (1) Police Officer ("PO") M. Strickland, Badge No. 1460, (2) the City of San Antonio, (3) San Antonio Police Department ("SAPD"), (4) the SAPD's Chief of Police William P. McManus, and (5) the unknown/unnamed

female PO for the Defendants' unconstitutional policies, customs and/or practices pursuant to *Monell v. Department of Social Services,* 436 US 658 (1978) and its progeny.

2. The Plaintiffs allege and will demonstrate to the Court that the **Defendants individually and in their official capacities, jointly and severally, violated Plaintiffs' civil rights and civil liberties as guaranteed by the US Constitution, laws of the US and the State of Texas**. Accordingly, the Plaintiffs **aver** that:

## ***Jurisdiction and Venue***

3. This Court has *inpersonam* and subject matter jurisdiction pursuant to *Title 28 USC §§ 1331*, *1343*, and *42 USC §§ 1983* and *1988.*

4. Venue is proper in this Court pursuant to *28 USC § 1391(b)* due to the fact that all the incidents, events, and occurrences given rise to this action occurred in the Western District of Texas. Moreover, upon information and belief, all the parties reside and/or work in this judicial district.

## ***Parties***

5. At all times relevant hereto the Plaintiffs are citizens of the United States and residents of the City of San Antonio, County of Bexar, State of Texas.

6. The City of San Antonio is and was at all times material hereto a political subdivision of the State of Texas, organized and existing under and by virtue of the laws of Texas.

7. The SAPD is and was at all times material hereto a San Antonio, Texas agency, providing the vehicle through which the City fulfills its policing functions.

8. SAPD Chief McManus is and was at all times material hereto employed by the City of San Antonio as its duly appointed and sworn Chief of Police.

9. Upon information and belief, Defendant PO Strickland, Badge No. 1460, is and was at all

times material hereto a citizen of the US and the State of Texas.

10. Defendant Strickland was at all times material hereto employed by the SAPD as a duly appointed and sworn PO, and was acting in his individual capacity and/or under State law, and within the scope of his employment.

11. Upon information and belief, the unknown and unnamed female PO for the SAPD is and was at all times material hereto a citizen of the US and the State of Texas and employed by the SAPD.

12. The unknown unnamed female PO was at all times material hereto employed by the SAPD as a duly appointed and sworn PO and was acting in her individual capacity and/or under State law, and within the scope of her employment within the SAPD.

***Factual Allegations***

13. On **May 21, 2023**, the Plaintiffs were stopped at approximately 12:00 AM by PO Strickland, Badge No. 1460, and the unknown/unnamed female PO, **without probable cause or a warrant having been issued against the Plaintiffs**. Defendant Strickland insisted that MMQ take a field sobriety test. MMQ promptly informed Strickland that Plaintiff would be unable to pass the field sobriety test due to a physical disability related to a back injury, a permanent medical condition. Nevertheless, Strickland ordered MMQ to submit to the field sobriety test. After 12 AM, due to MMQ's physical medical condition, he failed the field sobriety test administered by Strickland. Whereupon Strickland immediately arrested Plaintiff MMQ at 12:25 AM. After failing the field sobriety test, Plaintiff MMQ immediately requested a blood test. At 1:47 AM, Plaintiff MMQ's blood was drawn by Ms. Mary A. Hathaway, LVN. Plaintiff MMQ's blood test results were negative for alcohol and other substances. At 1:02 PM Plaintiff MMQ appeared before the Magistrate Judge. The Judge informed Plaintiff MMQ that he was being

"…accused of driving while intoxicated with a minor child in the car." Plaintiff MMQ pleaded not guilty. A bond was set for $5,000.00. On **May 23, 2023**, Plaintiff MMQ bonded out of jail. At all times relevant to being arrested, Plaintiff MMQ informed Strickland that as a Muslim he does not drink alcohol. After MMQ's negative blood test results, he was released on a $5,000.00 bond. The facts support that the Plaintiff MMQ was incarcerated for **three days for a crime he did not commit—driving while intoxicated— with a minor child less than 15 years old in the automobile**.

14. On **August 28, 2023**, due to the Plaintiff MMQ's negative blood test results, Joe D. Gonzales, Criminal District Attorney, moved to dismiss all charges against the Plaintiff.

15. The presiding judge agreed and dismissed all charges against Plaintiff MMQ.

16. On or about December 1, 2023, Plaintiff MMQ served the City of San Antonio, the SAPD notice that Plaintiff intended to file a lawsuit before the US District Court for the Western District of Texas, San Antonio Division against the Defendants stated herein. **Ex. 1**

***Count I—42 USC § 1983—Fourth Amendment Violations***
*Plaintiffs v. Strickland and the unknown/unnamed female PO,*
*individually and in their official capacities*

17. Plaintiffs incorporate and reallege all preceding paragraphs as though fully pleaded herein.

18. The conduct of the POs identified in this Count and described herein constituted excessive force in violation of the *Fourth Amendment* of the *US Constitution*, clearly established law and violations of the SAPD's rules, regulations and procedures.

19. At all times material hereto, Defendant Strickland and the unknown/unnamed female PO were each acting under color of state law, as POs of San Antoino, Texas, and within the scope of their employment and authority as duly – certified law enforcement officers of the City of San

Antonio.

20. At all times material hereto, Defendant Strickland and the unknown/unnamed female PO were acting in a capacity as POs and directly participated in violating the Plaintiffs' federal rights. Defendant Strickland and the unknown/unnamed female PO are therefore liable in both their individual and official capacities.

21. At the direct and proximate result of the acts and omissions described herein, the Plaintiffs suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

22. Punitive damages are against Defendant Strickland and the unknown/unnamed female PO and are hereby claimed as a matter of federal common law under *Smith v. Wade*, 461US 30 (1983), and, as such, are not subject to the pleading requirements or differing standards of proof set forth in *Tex.Civ.Prac. & Rem. Code §§ 41.001 and 41.003.*

23. *42 USC § 1988*, provides that the Plaintiffs are entitled to the recovery of their cost, including reasonable attorney fees due to PO Strickland's and the unknown/unnamed female PO's failure to comply with *42 USC § 1983.*

24. The conduct described in all of preceding paragraphs amount to wrongful acts and omissions for purposes of Texas Statute *§ 101.021.*

25. The *San Antonio Police Department General Manual, Procedure 502—Warrantless Arrests, Searches, and Seizures*, specifically provides that:

**03. POLICY**

A. The authority to arrest without a warrant is entirely statutory. An officer's good faith does not justify an invalid arrest. Any officer who acts outside his authority in making a warrantless arrest may be subject to both civil and criminal liability.

B. An officer makes a warrantless arrest only if he has enough personal knowledge or reliable information to constitute probable cause upon which an arrest warrant could be issued, if time permitted.

C. Officers exercise discretion in the use of their authority to arrest without a warrant.

. . . .

As previously argued by the Plaintiffs, the conduct of the Defendant POs specifically makes them liable for their unlawful arrest of the Plaintiffs and as such the Defendant POs can be held personally liable to the Plaintiffs for the POs failure to comply with the SAPD's *Procedure 502—Warrantless Arrests, Searches, and Seizures.*

### ***Count II—42 USC § 1983—Monell Liability***

*Plaintiffs v. City of San Antonio*

26. Plaintiffs incorporate and reallege all preceding paragraphs as though fully pleaded herein.

27. SAPD's Policy Manual provides that the Chief of Police is vested with all the powers of city connected with and incident to the establishment, maintenance, appointment, removal, discipline, control, and supervision of its police force, subject to the limitations contained in the provisions of Article V of the Charter, and may make all needful rules and regulations for the efficiency and discipline, and promulgate and enforce general and special orders for the government for the same and have the care and custody of all public property connected with the police department of the City. *See SAPD's General Manual § 200.*

28. The Mayor, the City Council, and the Police Chief have/had final policy making authority with regard to establishing written policies and training programs governing the conduct of SAPD's POs performing policing functions on behalf of the City of San Antonio.

29. The Mayor, the City Council, and the Police Chief established and/or approved SAPD's written policies and training governing the conduct of SAPD POs performing policing functions.

30. The written policies and training established and/or approved by the Mayor, the City Council, and the Police Chief constitute the official policy of the SAPD and were the moving force behind and caused Plaintiff's injuries.

31. The City, acting by and through its Mayor and/or other policymakers, had knowledge of SAPD's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal and state rights.

32. The City, acting by and through its Mayor and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from SAPD's unconstitutional patterns and practices and was deliberately indifferent to and/or tactically authorized the same.

33. On or prior to May 21, 2023, the City of San Antonio with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the handcuffing and restraint process.

34. On or prior to May 21, 2021, the City of San Antonio, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, fostered or ratified a number of customs, patterns, or practices that condoned and required officers to treat the members of the Muslim Community of San Antonio differently, including but not limited to unwarranted arrest and incarcerations at a higher rate against Muslim men and their children who did not pose a threat to officers.

35. On or prior to May 21, 2023, the City of San Antonio, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or

ratified a number of customs, patterns, or practices that shall be further identified in discovery.

36. The City of San Antonio, with deliberate indifference to the rights of the Plaintiffs/ arrestees/detainees, and the like, continued to employ POs Strickland and the unknown/unnamed female PO despite knowledge of their repeated unconstitutional, unlawful, or improper conduct.

37. The SAPD and the Mayor of the City of San Antonio had the power to terminate or appropriately discipline PO Strickland for his misconduct prior to May 21, 2023, but failed to do so despite the City's knowledge of a pattern of complaints regarding warrantless arrests and incarcerations by PO Strickland.

38. On or prior to May 21, 2023, the SAPD with deliberate indifference to the rights of the Plaintiffs as arrestees, detainees, and the like, tolerated, permitted and failed to correctly promote or ratify its POs from providing improper and harmful training to its POs.

39. This participation by the City of San Antonio caused its POs to act with impunity and without fear of retribution, consequences, punishment, and judgment.

40. The unconstitutional policies, practices, and customs defined herein were the moving force behind the warrantless arrest and incarceration of the Plaintiffs.

41. Plaintiff MMQ's arrest and incarceration was a direct and proximate result of the acts and omissions by the Defendants.

42. At the direct and proximate result of the acts and omissions described herein, the Plaintiffs suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

43. Plaintiff are entitled to recovery of cost, including reasonable attorney fees, pursuant *42 USC § 1988*.

44. The conduct described in all of preceding paragraphs amount to wrongful acts and

omissions for purposes of *Texas Statue § 101.021—Governmental Liability.*

**Count III – *42 U.S.C. §1983 – Canton* Liability**
*Plaintiffs v. City of San Antonio*

45. Plaintiffs hereby incorporate and re-allege all preceding paragraphs as though fully pleaded herein.

46. The City of San Antonio and the SAPD failed to properly train or modify its training to Defendants and its other POs, including but not limited to, matters related to the reasonable and appropriate grounds for the execution of a warrantless arrest, the use of a field sobriety test, and a breathalyzer test during a warrantless arrest, and an intervention when a SAPD officer executes a warrantless arrest.

47. Effectuating a warrantless arrest, using unnecessary force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which SAPD POs and other agents encounter on a regular basis.

48. As such, SAPD is aware of the need for more training for its POs in relationship to warrantless arrests. The City of San Antonio and its SAPD specifically knew that its officers needed training regarding warrantless arrests and was required to provide its officers with such training.

49. With deliberate indifference to the rights of citizens, the City of San Antonio failed to provide adequate training to its officers on the use of warrantless arrests.

50. The City of San Antonio is/was aware that deprivation of the constitutional rights of citizens is likely to result from its POs lack of training and the SAPD's failure to modify its training when its POs execute warrantless arrests.

51. As such, the Defendants were deliberately indifferent and exhibited reckless disregard with respect to the potential violation of the Plaintiffs' constitutional rights.

52. The failure to train and/or to appropriately modify training constituted official SAPD's policies, practices, or customs.

53. SAPD's failure to train and/or to modify training was behind the acts and omissions the Defendant POs made toward Plaintiffs.

54. As a direct and proximate result of the SAPD and the City of San Antonio's acts and omissions, the Plaintiffs' suffered physical injuries, experienced pain, incarceration and monetary damages.

55. At the direct and proximate result of the acts and omissions described herein, the Plaintiffs suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

56. Plaintiffs are entitled to recovery of cost, including reasonable attorney fees, pursuant to *42 USC § 1988.*

57. The conduct described in all preceding paragraphs amount to wrongful acts and omissions for purposes of *Texas Statue § 101.021—Governmental Liability.*

***Prayer for Relief***

WHEREFORE, Plaintiffs MMQ and KMQ pray for judgment against Defendants as follows:

a. As to Count I, a money judgment against Defendants Strickland and the unknown/unnamed female PO for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, pursuant to *42 U.S.C. § 1988* and prejudgment interest.

b. As to Count II, a money judgment against Defendant City of San Antonio for compensatory and special damages in an amount to be determined together with costs and

disbursements, including reasonable attorneys' fees, pursuant to *42 USC § 1988* and prejudgment interest.

c. As to Count III, a money judgment against Defendant City of San Antonio and the SAPD for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under *42 USC § 1988* and prejudgment interest.

d. For the appointment of a receiver or similar authority to ensure that the City of San Antonio properly trains and supervises its SAPD and its POs.

e. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney for
Plaintiff Marwan Mohammed Qashou
Local Address: 1911 Guadalupe
San Antonio, Texas 78207
Telephone No. (210) 231-0112
Facsimile No. (210) 212-7215
Email Address: tasesq@msn.com

***Certificate of Service***

I hereby certify that a true copy of the foregoing, has been served upon the Defendants' Representative *via* electronically on this 3rd of May 2025.

/s/Lorenzo W. Tijerina
Lorenzo W. Tijerina, Attorney for
Plaintiff Marwan Mohammed Qashou