UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARWAN M. QASHOU, K.M.Q, A MINOR CHILD AND SON OF PLAINTIFF;**

    *Plaintiff*,

v.

**CITY OF SAN ANTONIO, SAN ANTONIO POLICE DEPARTMENT, CITY OF SAN ANTONIO; CHIEF OF POLICE WILLIAM MCMANUS, SAN ANTONIO POLICE DEPARTMENT; MICHAEL STRICKLAND, SAN ANTONIO POLICE OFFICER, BADGE NO. 1460; AND MICHAELA CANNARD, POLICE OFFICER, BADGE NO. 84;**

    *Defendants*.

Case No. 5:25-CV-00459-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court are three Motions to Dismiss:

1. Defendant Michael Strickland's Motion to Dismiss, (*ECF No. 9*);

2. Defendants the City of San Antonio, San Antonio Police Department, and Chief of Police William McManus' Motion to Dismiss, (*ECF No. 11*); and

3. Defendant Michaela Cannard's Motion to Dismiss, (*ECF No. 25*).

The parties fully briefed the Motions. *See ECF Nos. 12, 13, 20, 24, 27, 29*. Upon consideration, the Court will grant the Motions. *ECF Nos. 9, 11, 25*.

## BACKGROUND

This case arises out of Plaintiff Marwan M. Qashou's ("Qashou") alleged false arrest by two police officers employed by the San Antonio Police Department. *See*, *generally*, ECF No. 8. The facts, taken from Qashou's First Amended Complaint and in the light most favorable to him, are as follows.

On May 21, 2023, Qashou and his minor son were stopped at approximately 12:00 AM by Defendants Michael Strickland ("Officer Strickland") and Michaela Cannard ("Officer Cannard").[1] *Id. at 3*. As alleged, the officers stopped Qashou without probable cause to do so and without a warrant having been issued. *Id*.

During the stop, Officer Strickland insisted Qashou take a field sobriety test. *Id.* Qashou informed Officer Strickland he would be unable to pass the field sobriety test due to a physical disability related to a back injury, a permanent medical condition. *Id.* Nevertheless, Officer Strickland ordered Qashou to submit to the field sobriety test. *Id.*

Due to Qashou's permanent medical condition, he failed the field sobriety test administered by Officer Strickland. *Id.* Officer Strickland immediately arrested Qashou at 12:25 AM. *Id.*

After failing the field sobriety test, Qashou immediately requested a blood test. *Id.* At 1:47 AM, Qashou's blood was drawn by Mary A. Hathaway, LVN. *Id.* Qashou's blood test results were negative for alcohol and other substances. *Id.*

At 1:02 PM Qashou appeared before a magistrate judge. *Id.* The magistrate judge informed Qashou that he was being "accused of driving while intoxicated with a minor child in the

---

[1] Qashou's First Amended Complaint includes allegations against an "unknown/unnamed female police officer." *See* ECF No. 8. On July 17, 2025, U.S. Magistrate Judge Richard B. Farrer ordered the City of San Antonio to identify the female officer. *ECF No. 19*. Subsequently, Officer Cannard retained counsel, accepted service, and appeared in this matter. *ECF No. 25*.

car." *Id. at 3–4*. Qashou pleaded not guilty. *Id. at 4*. The magistrate judge set bail for $5,000.00. *Id. at 4*. On May 23, 2023, Qashou posted bond. *Id. at 4*.

At all times relevant to being arrested, Qashou informed Officer Strickland that he does not drink alcohol due to his Muslim faith. *Id. at 4*.

On August 28, 2023, Joe D. Gonzales, Criminal District Attorney, moved to dismiss all charges against Qashou. *Id. at 4*. The presiding judge agreed and dismissed all charges against Qashou. *Id. at 4*.

In his First Amended Complaint, Qashou assert three causes of action. *ECF No. 8 at 4–10*. Qashou sues: (1) Officer Strickland and Officer Cannard, alleging violation of Qashou's Fourth Amendment rights[2]; (2) the City of San Antonio,[3] alleging municipal liability; and (3) the City of San Antonio, alleging liability for failing to train Officer Strickland and Officer Cannard. *Id*.

All Defendants now move to dismiss Qashou's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF Nos. 9, 11, 25*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] While not entirely clear, Qashou appears to assert claims against Officer Strickland and Officer Cannard for "excessive force" and for lacking probable cause to affect Qashou's arrest. *See ECF No. 8 at 4–6*.
[3] While directed at the City of San Antonio, Qashou also references Chief of Police William McManus regarding this cause of action. *See ECF No. 8 at 6–9*.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

I. **Defendant Michael Strickland's Motion to Dismiss, (*ECF No. 9*), and Defendant Michaela Cannard's Motion to Dismiss, (*ECF No. 25*).**

In his First Amended Complaint, Qashou sues Officer Strickland and Officer Cannard,[4] alleging violation of Qashou's Fourth Amendment rights.[5] *See ECF No. 8 at 4–6*. As stated, while not entirely clear, Qashou appears to assert a claim against Officer Strickland and Officer Cannard for "excessive force" and for lacking probable cause to affect Qashou's arrest. *See ECF No. 8 at 4–6*. Because Officer Strickland and Officer Cannard share counsel and their arguments

---

[4] While Qashou sues Officer Strickland and Officer Cannard "individually and in their official capacities," when a § 1983 plaintiff sues both a governmental entity and its employee, in the employee's official capacity, the official capacity claim against the government employee should be dismissed because it is redundant of the claim against the government employer. *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) ("A claim against government officials in their official capacity is a de facto suit against the local government entity of which the officials act as agents."); *Sanders–Burns v. City of Plano*, 594 F.3d 366, 373 (2010) (noting that a plaintiff's § 1983 claims against a governmental entity "render[ed] any official capacity claim against [an employee of that entity] redundant"); e.g., *Tinoco v. City of Hidalgo, Texas*, No. 23-40543, 2025 WL 655079, at *8 (5th Cir. Feb. 28, 2025). The Court therefore dismisses Qashou's claims against Officer Strickland and Officer Cannard in their official capacities as redundant.

[5] While Qashou claims Officer Strickland and Officer Cannard "can be held personally liable to [Qashou] for [their] failure to comply with [the San Antonio Police Department's] *Procedure 502—Warrantless Arrests, Searches, and Seizures*," and their conduct amounts "to wrongful acts and omissions for purposes of Texas Statute § 101.021," § 1983 provides a mechanism for individuals to sue state actors for violations of federal laws. *ECF No. 8 at 5–6*. See *Richardson v. U. of Texas System*, No. 5-19-CV-00271, 2019 WL 5306782, at *4 (W.D. Tex. Oct. 18, 2019). The Court therefore considers only the Fourth Amendment basis for this cause of action.

5

overlap, the Court addresses Officer Strickland's Motion to Dismiss, (*ECF No. 9*), and Officer Cannard's Motion to Dismiss, (*ECF No. 25*), concurrently.

### A.   Excessive Force

In Officer Strickland and Officer Cannard's ("the Officers") Motions to Dismiss, they argue Qashou's First Amended Complaint "did not plead any facts related to the use of excessive force (or any force)." *ECF No. 9 at 4*; *ECF No. 25 at 4*. In Qashou's Response, he does not contest this assertion. *ECF No. 12*.

The Fourth Amendment guarantees the right to be free from unreasonable seizures. U.S. Const. amend. IV. Specifically, the Fourth Amendment protects the right to be free from excessive force during a seizure. *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020); *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021) ("[f]or purposes of liability under 42 U.S.C. § 1983, excessive force claims arising from an investigatory stop invoke the protection provided by the Fourth Amendment of the United States Constitution against 'unreasonable seizure.'"). Although an investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it, *Graham v. Connor*, 490 U.S. 386, 396 (1989), a violation of this right occurs when a seized person suffers an injury which results directly and only from a clearly excessive and objectively unreasonable use of force. *Joseph*, 981 F.3d at 332; *see also Windham v. Harris Cnty.*, 875 F.3d 229, 242 (5th Cir. 2017).

Reviewing his First Amended Complaint, Qashou alleges: "[t]he conduct of the [police officers] . . . constituted excessive force in violation of the *Fourth Amendment* of the *US Constitution*, clearly established law and violations of the [San Antonio Police Department's] rules, regulations and procedures." *ECF No. 8 at 4* (emphasis in original).

As such, the Court agrees with the Officers. Qashou's First Amended Complaint is wholly devoid of any factual allegations relating to excessive force. *See id*. Further, in Qashou's Responses, (*ECF Nos. 12, 27*), he makes no mention of excessive force. Thus, to the extent Qashou pleads such a cause of action, the Court considers it abandoned and it is dismissed. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding plaintiff abandoned claim when she failed to defend it in response to motion to dismiss).

Accordingly, in this regard, Officer Strickland's Motion to Dismiss, (*ECF No. 9*), and Officer Cannard's Motion to Dismiss, (*ECF No. 25*), are **GRANTED**.

### B.   Wrongful Arrest

In the Officers' Motions to Dismiss, they argue "[f]ailing a field sobriety test gives an officer probable cause to arrest for driving while intoxicated, so the amended complaint admitted the existence of probable cause for [Qashou's] arrest for driving while intoxicated." *ECF No. 9 at 5; ECF No. 25 at 5*. In Qashou's Response to Officer Strickland's Motion to Dismiss, he counters "[t]he facts before the Court support that [he] was placed under arrest . . . without the benefit of a warrant being issued for his arrest or probable cause established." *ECF No. 12 at 6*. In Qashou's Response to Officer Cannard's Motion to Dismiss, he introduces new facts that contradict the factual allegations asserted in his First Amended Complaint. *See ECF No. 27 at 2–3*.

A citizen has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001).

7

Reviewing his First Amended Complaint, Qashou first alleges in the background section that "[o]n May 21, 2023, the Plaintiffs were stopped at approximately 12:00 AM by [Officer Strickland] and [Officer Cannard] without probable cause or a warrant having been issued against the Plaintiffs." *ECF No. 8 at 3*. However, in the section dedicated to this specific cause of action, titled "Count I—42 USC § 1983—Fourth Amendment Violations," Qashou alleges "[t]he conduct of the [police officers] . . . constituted excessive force," before citing a San Antonio Police Department policy focusing on "warrantless arrests" and stating Officer Strickland and Officer Cannard are liable to Qashou "for their unlawful arrest." *See ECF No. 8 at 4–6*.

Further, in Qashou's Responses he focuses on defending this cause of action through the lens of a "false arrest," as opposed to an unconstitutional traffic stop. *See ECF No. 12 at 7; see, generally, ECF No. 27*. For example, in Qashou's Response to Officer Strickland's Motion to Dismiss, he states:

> [Qashou] was arrested and detained and booked into the Magistrate County Jail without probable cause or a warrant having been issued.
>
> . . .
>
> The facts before the Court support that the Plaintiffs were arrested and confined by [Officer] Strickland and [Officer Cannard] without a valid warrant and/or probable cause[.]
>
> . . .
>
> The Defendants falsely arrested and imprisoned [Qashou] on May 21, 2023.
>
> . . .
>
> The record supports that neither the City and/or the SAPD attempted to employ any probable cause or a warrant to effectuate [Qashou's] arrest.
>
> . . .
>
> The City and the SAPD are culpable for [the] warrantless and false arrest of [Qashou].

8

*ECF No. 12 at 6–9*. The Court therefore finds the crux of Qashou's allegations to be that he was wrongfully arrested.

Notably, Qashou includes no details regarding the events leading up to the traffic stop, and Qashou's sole allegation that "[o]n May 21, 2023, the Plaintiffs were stopped at approximately 12:00 AM by [Officer Strickland] and [Officer Cannard] without probable cause or a warrant having been issued against the Plaintiffs" is conclusory. *ECF No. 8 at 3*; *see also J. v. Austin Police Dept.*, No. 1:20-CV-01063, 2021 WL 1930302, at *2 (W.D. Tex. May 13, 2021), *R. & R. adopted*, No. 1:20-CV-01063, 2021 WL 11669843 (W.D. Tex. June 8, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint does not suffice if it tenders "naked assertions" devoid of "further factual enhancement")).

Finally, the Court finds the fact Qashou omits the operable legal standard for a traffic stop, reasonable suspicion, further indicia Qashou is not contesting the traffic stop. *United States v. Bams*, 858 F.3d 937, 942 (5th Cir. 2017) ("For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle.").

Turning now to the merits, while Qashou complains Officer Strickland arrested him without probable cause, he admits "he failed the sobriety test administered by [Officer] Strickland." *ECF No. 8 at 3*. "Failure to pass a field sobriety test provides probable cause to arrest an individual." *J. v. Austin Police Dept.*, 2021 WL 1930302, at *3 (citing *Nitsch v. City of El Paso*, 482 F. Supp. 2d 820, 827 (W.D. Tex. 2007)). Thus, Qashou's own pleadings demonstrate Officer Strickland had probable cause to arrest him, and Qashou does not allege Officer Cannard made the arrest.

Confusingly, in his Response to Officer Strickland's Motion to Dismiss, Qashou argues Officer Strickland lacked probable cause to arrest him because the results of a blood test were ultimately negative for alcohol and drugs. *ECF No. 12 at 8*. The issue, however, is not what are later determined to be the true facts, nor a plaintiff's explanations for why they believed their conduct was justified. *Garza v. U.S.*, 881 F. Supp. 1099, 1101 (S.D. Tex. 1995). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 143 (1979). The question of Qashou's actual innocence, including whether Qashou was actually intoxicated and whether the results of a blood test detected the presence of intoxicants, has no bearing on the existence or absence of probable cause for Qashou's arrest.

In Qashou's Response to Officer Cannard's Motion to Dismiss, he introduces new factual allegations that contradict the factual allegations asserted in his First Amended Complaint. *See ECF No. 27 at 2–3*. These new factual allegations are not properly before the Court. *Kunzweiler v. Zero.Net, Inc.*, No. 3-00-CV-2553-P, 2002 WL 1461732, at *18 (N.D. Tex. July 3, 2002) (citing cases). At the motion to dismiss stage of the proceedings, the court is limited to considering the contents of the operative complaint and its attachments. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). Because of this limitation, new factual allegations alleged in a response to a motion to dismiss are not properly before the court and will not be considered when ruling on the motion to dismiss. *See, e.g., McDavid v. Hous. Indep. Sch. Dist.*, No. H-21-993, 2021 WL 4555241, at *4 (S.D. Tex. Oct. 5, 2021) (rejecting the plaintiff's attempt to "use a response to a motion to dismiss as a backdoor to add allegations that [the plaintiff] did not plead in her complaint"); *Coach, Inc. v. Angela's Boutique*, No.

H-10-1108, 2011 WL 2446387, at *2 (S.D. Tex. June 15, 2011) ("New facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings."). The Court is therefore limited to considering the factual allegations in Qashou's First Amended Complaint. Thus, the new factual allegations Qashou includes in his Response to Officer Cannard's Motion to Dismiss are not properly before the Court, and Qashou cannot avoid dismissal by relying on those new factual allegations.

The Court also notes that to the extent Qashou claims a permanent medical condition prevented him from passing the field sobriety test, "probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." *D.C. v. Wesby*, 583 U.S. 48, 61 (2018).

Accordingly, in this regard, Officer Strickland's Motion to Dismiss, (*ECF No. 9*), and Officer Cannard's Motion to Dismiss, (*ECF No. 25*), are also **GRANTED**.[6]

## II. Defendants the City of San Antonio, San Antonio Police Department, and Chief of Police William McManus' Motion to Dismiss, (*ECF No. 11*);

In his First Amended Complaint, Qashou sues the City of San Antonio, alleging municipal liability pursuant to *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658

---

[6] In addition to the Rule 12(b)(6) standard of dismissal, the Court must also consider the standard for asserting qualified immunity. "Qualified immunity is a defense available to public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.' " *Noyola v. Texas Dep't of Human Resources*, 846 F.2d 1021, 1024 (5th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To resolve a public official's qualified immunity defense, a court considers if the plaintiff has shown a violation of a constitutional right and if the right was "clearly established" at the time of the public official's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[C]ourts . . . [may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 235 (2009). Because Qashou does not state a valid Fourth Amendment claim, the Court does not address whether Officer Strickland and Officer Cannard are entitled to qualified immunity.

11

(1978), and liability under *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), for failing to train Officer Strickland and Officer Cannard.[7] *Id*.

A. **San Antonio Police Department ("SAPD")**

In the Motion to Dismiss, SAPD argues "[b]ecause the City has not granted the SAPD with the powers to sue and be sued, the SAPD is not an appropriate defendant and must be dismissed." *ECF No. 11 at 12*. In Qashou's Response, he does not contest this assertion. *ECF No. 12*.

As described in an Opinion issued by fellow United States District Judge for the Western District of Texas David A. Ezra:

> The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). In order to sue a city department in Texas, the department "must enjoy a separate legal existence." *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991). In other words, the department must be "a separate and distinct corporate entity." *Id.* Thus, unless the political entity that created the department has taken explicit steps to grant the servient agency with jural authority," the servient agency may not sue or be sued. *Id.*
>
> The City of San Antonio created the SAPD as a department of the city government. San Antonio Charter, art. V, § 50(3). However, the City has reserved to itself the power to sue and be sued. *Id.,* art. I, § 3, par. 1. Because the City has not granted the SAPD with the powers to sue and be sued, the SAPD is not an appropriate defendant and must be dismissed. *See Martinez v. City of San Antonio,* No. SA–11–CV–0891 FB (NN), 2012 WL 719920, at *1 (W.D.Tex. Mar.5, 2012) ("Because the City [of San Antonio] has not taken explicit steps to give the [SAPD] jural authority, the Department may not sue or be sued. Because [Plaintiff] has named a defendant that cannot be sued, [Plaintiff's] claims against the Department fail to state a claim upon which relief may be granted. Because an amended complaint cannot cure that deficiency, the claims against the Department are appropriately dismissed."); *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio,* No. SA–10–CV–361–XR, 2010 WL 3155243, at *1 (W.D.Tex. Aug.5, 2010) (granting motion to dismiss the San Antonio Police De-

---

[7] While Qashou also claims "[t]he conduct described in all of [the] preceding paragraphs amount to wrongful acts and omission for purposes of *Texas Statu[t]e § 101.021—Governmental Liability*," the Court finds this reference is presented with no explanation. *ECF No 8 at 8–9, 10*. Defendants presume Qashou references the Texas Tort Claims Act, but the Court declines to do so. *See ECF No. 11 at 11–12*. This reference by Qashou is under headings that explicitly invoke 42 U.S.C. § 1983, a federal statute for enforcing federal rights. Plaintiff does not proceed *pro se*, and therefore the Court is not obliged to liberally construe his First Amended Complaint.

partment as a defendant because the City of San Antonio did not grant jural authority to the police department).

*Gehring v. San Antonio Police Dept.*, No. SA:14-CV-00545, 2015 WL 225064, at *2 (W.D. Tex. Jan. 15, 2015).

Accordingly, in this regard, Defendants the City of San Antonio, San Antonio Police Department, and Chief of Police William McManus' Motion to Dismiss, (ECF No. 11), is also **GRANTED** and any claims asserted by Qashou against SAPD are dismissed.

### B. *Monell* Liability and *Canton* Liability

In the Motion to Dismiss, the City of San Antonio ("the City") argues that, in regards to Qashou's *Monell* liability and *Canton* liability causes of action, "[w]ithout a constitutional violation properly pleaded, [these] claims against the City must fail." ECF No. 11 at 6. In Qashou's Response, he does not contest this assertion. ECF No. 12.

First, there can be no liability for the City under *Monell*. The Fifth Circuit has "stated time and again that '[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing.'" *Windham v. Harris Cnty., Texas*, 875 F.3d 229, 243 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) (alteration in original) (quoting *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir.1997))). Because the Court found Qashou fails to state claims against Officer Strickland and Officer Cannard for excessive force and wrongful arrest, the City therefore cannot be found liable under *Monell*.

Second, there can also be no liability for the City under *Canton*. Qashou fails to state a cause of action for failing to train Officer Strickland and Officer Cannard because, as discussed, he failed to state a claim that his rights were violated by Officer Strickland and Officer Cannard. *Martinez v. City of N. Richland Hills*, 846 Fed. Appx. 238, 247 (5th Cir. 2021) (unpublished)

13

(citing *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006)); *see also Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992) (stating that in *Canton v. Harris*, 489 U.S. 378, "we concluded that *if* a city employee violates another's constitutional rights, the city may be liable *if* it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." (emphasis added).

In addition, Qashou alleges no facts about the City of Antonio's actual training program;[8] nor does Qashou raise sufficient factual allegations to meet the deliberate indifference standard. A "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). No such pattern is alleged here, however, even in a conclusory manner.

Accordingly, in this regard, Defendants the City of San Antonio, San Antonio Police Department, and Chief of Police William McManus' Motion to Dismiss, (*ECF No. 11*), is also **GRANTED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS**:

4. Defendant Michael Strickland's Motion to Dismiss, (*ECF No. 9*);

5. Defendants the City of San Antonio, San Antonio Police Department, and Chief of Police William McManus' Motion to Dismiss, (*ECF No. 11*); and

6. Defendant Michaela Cannard's Motion to Dismiss, (*ECF No. 25*).

The Clerk of Court is **DIRECTED** to close this case after entering the contemporaneously-issued Final Judgment.

---

[8] *See, e.g., Burge v. St. Tammany Parish,* 336 F.3d 363, 369 (5th Cir. 2003) (evaluating the longstanding practice of failing to maintain sheriff's records and provide them to defendants in context of claim challenging failure to train record keepers); *Beard v. Harris Cnty.,* No. 4:04-CV-01982, 2005 WL 2647972 at *3 (S.D. Tex. Oct.17, 2005) (considering the guidelines promulgated in the Standard Operating Procedures of the Harris County Precinct Five Constables Department); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (explaining that "a plaintiff must allege with specificity how a particular training program is defective" and "cannot prevail by styling their complaints about the specific injury suffered as a failure to train claim").

It is so ORDERED.
SIGNED this 2nd day of December, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE